IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-08-41-L |
| | ) | |
| LARRY DOUGLAS FRIESEN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On March 12, 2009, the court held a hearing pursuant to defendant Larry Douglas Friesen's Motion Requesting Daubert/Kumho Tire Hearing as to the Relevance and Reliability of Any Proposed Expert Testimony.  The following experts retained by the government were presented for direct and cross examination at the hearing:

• Michael Curtis - Firearms Expert

• Leanora Brun-Conti - Chemist (Paint)

• David Strotheide - ATF Inspector Supervisor.

In addition, the court received and reviewed the expert witness reports prepared by these witnesses as well as their professional resumes.  It should be noted that for purposes of the hearing, the parties stipulated as to the curriculum vitae of Mr. Curtis and Ms. Brun-Conti.

Regarding experts, Federal Rule of Evidence 702 provides that "[i]f

scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." "Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." United States v. Rodriguez-Felix, 450 F.3d 1117, 1122-1123 (10th Cir.2006). The proponent of expert testimony, here the government, bears the burden of showing that its proffered expert's testimony is admissible. Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 n. 4 (10th Cir.2001). In determining whether expert testimony is "both reliable and relevant," Tenth Circuit authority requires the district court to undertake a two-step analysis. First, the court must determine whether the expert is *qualified* to render an opinion. Pursuant to the language of Rule 702, this requires an assessment of his or her knowledge, skill, experience, training or education. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is *reliable* under the principles set forth in Daubert. 103 Investors I, L.P. v. Square D Co., 470 F.3d 985, 990 (10th Cir.2006). Thus, the methodology used by the court to assess reliability includes

(1) whether the proffered theory can and has been tested; (2) whether the expert's opinion has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-94 (1993).   Reliability questions may concern the expert's data, method, or application of the method to the data. "Under Daubert, any step that renders the expert's analysis unreliable ... renders the testimony inadmissible.  This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." Mitchell v. Gencorp Inc., 165 F.3d 778, 782 (10th Cir.1999) (citation omitted).

     Upon consideration of the evidence and testimony presented to the court at the Daubert hearing, the court is satisfied that the proposed expert testimony of each of the expert witnesses is both reliable and relevant, in that it will assist the trier of fact.  Accordingly, the court finds that the government has  carried its burden of showing that the expert testimony of Michael Curtis, Leanora Brun-Conti and David Strotheide is admissible under Rule 702.  As was briefly discussed at the hearing, however, the court is concerned regarding the potential cumulative nature of some of the proposed testimony.  Based upon the actual trial proceedings, the court may limit any expert witnesses' testimony to the extent it becomes cumulative.  In addition, regarding Mr. Strotheide, based upon the court's understanding of the issues, the court believes his testimony would be

appropriate in rebuttal only.  Also, as briefly discussed at the hearing, in the event the nature of Mr. Strotheide's testimony is dealt with in a jury instruction by the court as to the applicable law, his testimony may become unnecessary.  These are matters for future determination.  However, at this time, the court preliminarily rules that each of the expert witnesses presented at the March 12, 2009 hearing will be allowed to testify at the trial because their proposed expert testimony is reliable and relevant under Rule 702 and the principles set forth in <u>Daubert</u>.

It is so ordered this 20th day of March, 2009.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge